UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kenneth William Colassi

    v.                                              Civil No. 05-cv-187-SM

Hillsborough County
Superior Court, et al.

**REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis*, plaintiff Kenneth William Colassi brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants have abridged his federal constitutional rights during the course of state court civil and criminal proceedings (document no. 1).[1]  Named as defendants are the New Hampshire Superior Court (Hillsborough County), Associate Justice Bernard J. Hampsey, Jr., the New Hampshire Department of Health and Human Services ("DHHS"), DHHS employee Maria Thyng and the Hollis Police Department.

---

[1]Colassi alleges claims on behalf of his minor children.  A non-attorney parent must be represented by counsel in bringing an action on behalf of his or her children in federal court.  See Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 124-25 (2d Cir. 1998); Cheung v. Youth Orchestra Foundation, Inc., 906 F.2d 59, 61 (2d Cir. 1990).  Accordingly, I construe the complaint to be filed by Colassi in his individual capacity.

The complaint is before me for preliminary review to determine, among other things, whether he has properly invoked the subject matter jurisdiction of this court. See United States District Court of the District of New Hampshire Local Rules ("LR") 4.3(d)(1)(A). For the reasons stated below, I recommend that the complaint be dismissed.

### Standard of Review

In reviewing a *pro se* complaint, this court must construe the pleading liberally and in favor of the *pro se* litigant. See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Background**

The claims in this action arise from state court custody and child support proceedings involving Colassi and his three minor children, Alicea Danyel Katz, Joshua Paul Katz and Lieva Joan Colassi.  While the precise facts are unclear, the state court proceedings are ongoing in New Hampshire Superior Court (Hillsborough County) before the Honorable Bernard J. Hampsey, Jr.  During the course of the civil proceedings, defendants allegedly deprived Colassi of citizenship, employment and the right to counsel.  In addition to the claims arising from his civil proceedings, Colassi alleges a claim arising from his state court criminal proceedings.  He claims that the Hollis Police Department wrongfully arrested him following a domestic dispute on November 3, 2004.

Construed liberally, the complaint alleges that as a result of defendants' actions, Colassi has suffered loss of parental and custodial rights, loss of employment, financial hardship, interference with employment opportunities and duress.  Seeking injunctive and monetary relief, he requests this court to enjoin his state court proceedings, prevent foreclosure on his home and "reactivate" his February 2004 action, Colassi v. State of New

Hampshire, et al. Civil No. 04-057-M) (requesting this court to reverse a New Hampshire Superior Court order that terminated Colassi's parental rights, grant him visitation rights, remove liens from his property and abate his child support arrearage). Colassi also seeks annulment of his arrest record and charges for simple assault and driving after suspension. With the exception of the wrongful arrest claim, the named defendants and claims in this action are identical to those in Colassi v. State of New Hampshire, et al. Civil No. 04-057-M.

### Discussion

The state court civil and criminal proceedings at issue raise a question of subject matter jurisdiction that this court is obligated to consider and resolve *sua sponte*. See Hicks, Muse & Co. v. Brandt (In re Healthco Int'l), 136 F.3d 45, 50 n.4 (1st Cir. 1998). For the reasons stated below, this court is precluded from exercising jurisdiction over Colassi's claims under the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37, 43-44 (1971)(requiring federal courts to abstain from enjoining pending state criminal prosecutions).

Under the Younger doctrine, abstention is appropriate where: (1) a state court proceeding is pending; (2) that implicates an

important state interest; and (3) provides an adequate opportunity for the plaintiff to raise claims advanced in his federal law suit.  See Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996) (citation omitted).  The Supreme Court has extended its holding in Younger to noncriminal judicial proceedings when important state interest are involved, see Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 12-13 (1987), Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 626-27 (1986) and Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431-32 (1982), including domestic relations proceedings in state courts, see Moore v. Sims, 442 U.S. 415, 416 (1979) (holding that lower federal court should have abstained where plaintiffs challenged the constitutionality of state custody law and sought injunction of concurrent state family court proceedings).

In this action, all three elements under Younger are satisfied.  First, Colassi concedes that his claims stem from pending state court criminal and civil proceedings.  Second, the civil proceedings involve family relations and the custody and support of children which are important state interests.  Courts have consistently held that family law cases are of paramount importance to the states in which they are pending.  See

Ankenbrandt, 504 U.S. at 703; Rose v. Rose, 481 U.S. 619, 625 (1987); Moore, 442 U.S. 415, 435 (stating family relations are a traditional area of state concern). Third, the family court and avenues for appeal from such decisions, including direct appeal to the New Hampshire Supreme Court, provide Colassi with an opportunity for review of his constitutional claims in the state proceedings. Thus, the elements required under Younger are satisfied.

Colassi has not demonstrated that any of the exceptions to Younger should be invoked in this case. He has an adequate state forum, see Gibson v. Berryhill, 411 U.S. 564 (1973) (intervention appropriate where no adequate state forum for a plaintiff to bring his claims), and has not sufficiently alleged that the state court proceedings were conducted in bad faith, see Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975)(holding that a federal district court may intervene where state court proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions."); accord Younger 401 U.S. at 53-54. Nor has he challenged the constitutionality of a state statute or the process by which any state court judgment was reached. Id. Rather, he requests this

court to expunge certain arrest records and enjoin the state court civil hearings involving the custody and support of his children.  Given that the state court proceedings are ongoing, involve vital state interests and afford Colassi an opportunity to raise his constitutional claims, I once again conclude that Younger precludes this court from exercising jurisdiction over his claims.

## Conclusion

For the foregoing reasons, I recommend that Colassi's complaint (document no. 1) be dismissed.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the complaint.

Any further objections to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice

of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date: July 14, 2005

cc:     Kenneth William Colassi, *pro se*